James L. **ABELS**, Sr., Petitioner–Appellant,

v.

Stephen **KAISER**, Warden; Attorney General, Respondents–Appellees.

No. 90–6050.

United States Court of Appeals, Tenth Circuit.

Sept. 4, 1990.

James L. Abels, Sr., pro se.

Robert H. Henry, Atty. Gen. of Oklahoma, Steven Spears Kerr, Asst. Atty. Gen., Oklahoma City, Okl., for respondents-appellees.

Before LOGAN, SEYMOUR and TACHA, Circuit Judges.

LOGAN, Circuit Judge.

James L. Abels, Sr. appeals the denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The issue on appeal is whether Abels was denied his right to appeal his state court conviction in violation of his constitutional rights under the Fifth and Sixth Amendments as made applicable to the states through the Fourteenth Amendment in the factual circumstances of this case.[1]

Abels entered guilty pleas to several charges of embezzlement in an Oklahoma state court. He was represented by retained counsel. After sentencing, he filed, on the same day, a notice of intent to appeal and a motion to withdraw his guilty plea. The motion to withdraw the plea was denied. The time for perfecting an appeal expired with no brief being filed by Abels' retained counsel, apparently because Abels had failed to pay for the services counsel had already performed. In a letter to the clerk, Abels' retained counsel indicated that he was no longer representing Abels. Despite their falling out, counsel did assist Abels in his attempt to secure representation by the public defender, but the state district court denied Abels' motion on grounds that he did not establish indigency. After assisting Abels in his attempt to establish indigency, Abels' retained counsel filed a motion to withdraw his representation which was granted by the state court.

At a later date Abels filed post-conviction relief applications in state district court. When these were denied they were appealed unsuccessfully to the Oklahoma Court of Criminal Appeals. The papers in those proceedings are not part of the record submitted to us on appeal; but they apparently raised the issues now presented to this court. See District Court's Memorandum Opinion of Jan. 18, 1990, I R. doc. 13 at 3–4. Abels then commenced this habeas action

in federal district court; the district court denied relief.

Abels has filed an affidavit, which is in the record, showing he has real property he values at $32,300 and personal property he values at about $1,000. These, he says, are subject to tax and other liens of about $26,500. He admits to a Navy pension of $806 monthly, which he asserts must support his wife who is unable to work. The state trial court apparently found that Abels had property worth in excess of $100,000 and pension and rental income of more than $1,000 per month. See I R. doc. 9 at 3. The district court's opinion below recited that "[t]he trial court's order of November 21, 1988, set out in great detail those reasons why petitioner was denied in forma pauperis treatment." I R. doc. 13 at 7. That order is not part of the appellate record. The appellate record contains insufficient evidence to permit us to overturn the state court's determination that Abels was not indigent at the time he was convicted in the state court in December 1987. We therefore reject Abels' argument that the state court denied him counsel on appeal by resolving the issue of indigency against him.

The precise issue on appeal, then, is whether Abels' constitutional rights were violated when his retained counsel refused to proceed on appeal and the state refused to provide him with appointed counsel after making a finding, which we cannot find clearly erroneous, that he was not indigent, and no appeal was ever perfected.

■ Abels asserts correctly that the United States Supreme Court has held in Evitts v. Lucey, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985), and Cuyler v. Sullivan, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980), that there is no difference between the standards applied to retained versus appointed counsel in assessing whether a defendant's constitutional right to competent counsel has been violated. In either event, a defendant is entitled

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.

App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument. Appellant's application for a certificate of probable cause is granted.

to effective counsel on appeal. *See Evitts*, 469 U.S. at 395, 105 S.Ct. at 835–36. Those same decisions clearly hold that because appeals are a part of the criminal process, a defendant is denied effective assistance of counsel if he asks his lawyer to perfect an appeal and the lawyer fails to do so by failing to file a brief, *see Rodriguez v. United States*, 395 U.S. 327, 329, 89 S.Ct. 1715, 1716–17, 23 L.Ed.2d 340 (1969), a statement of appeal, *see Evitts*, 469 U.S. at 389, 105 S.Ct. at 832, or otherwise.

Rule 3.6A of the Rules of the Oklahoma Court of Criminal Appeals requires that, once an attorney makes an appearance, he must "diligently proceed with the appeal including the filing of a brief, until and unless withdrawal as the attorney of record is granted by" the court. In this case, Abels' retained counsel filed a notice of intent to appeal, which apparently constitutes an appearance sufficient to bind him to this duty. Our review of the district court's chronology indicates that at the time Abels' time for appeal expired his retained counsel had not yet filed a motion to withdraw, much less had the motion been granted. Abels, therefore, had every right to expect that his counsel would follow his instructions in perfecting the appeal. Counsel's failure to do so, when he had not been relieved of his duties through a successful withdrawal, was a violation of Abels' constitutional right to effective assistance of counsel on his appeal as of right. *See Evitts*, 469 U.S. at 396–97, 105 S.Ct. at 836–37.

The district court below erred in applying the test of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), holding that Abels made no showing of prejudice. This was based upon the court's holding that Abels had presented to the state courts in post-conviction proceedings the issue of the validity of his sentence and the state courts had determined that issue on the merits against him. Finding that the sentence was within the statutory maximum provided under state law and hence not challengable in a federal habeas action, it found no prejudice to Abel by the failure to take an appeal.

In this court petitioner alleges correctly that when courts have found counsel constitutionally inadequate, because either retained or appointed counsel failed to properly perfect an appeal, they do not consider the merits of arguments that the defendant might have made on appeal. This was first set out in the Supreme Court in *Rodriguez*, 395 U.S. at 330, 89 S.Ct. at 1717:

> "Those whose right to appeal has been frustrated should be treated exactly like any other appellant; he should not be given an additional hurdle to clear just because the rights were violated at some earlier stage in the proceedings. Accordingly, we hold that the courts below erred in rejecting petitioner's application for relief because of his failure to specify the points he would raise were his right to appeal reinstated."

*See also Robinson v. Wyrick*, 635 F.2d 757 (8th Cir.1981); *Riser v. Craven*, 501 F.2d 381, 382 (9th Cir.1974); *Grooms v. Solem*, 520 F.Supp. 1184 (E.S.D.1981), *aff'd without opinion*, 685 F.2d 436 (8th Cir.1982); *United States v. Mosiman*, 604 F.Supp. 1003, 1013 (E.D.Wisc.1985). In accordance with this court's holding in *Wynn v. Page*, 369 F.2d 930 (10th Cir.1966), we REMAND this case and direct that the case be held in abeyance for not longer than 120 days from the date of issuance of this mandate to allow the Oklahoma Court of Criminal Appeals to grant Abels leave to appeal and provide him assistance of counsel. Should the Oklahoma court grant such leave, Abel's writ shall be dismissed. If the Oklahoma court fails to grant Abels his appeal within the time specified, the writ shall issue discharging Abels.