977 F.2d 596
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Charles Ray GREGORY, Defendant-Appellant.
 No. 91-6249.
 United States Court of Appeals, Tenth Circuit.
 Sept. 30, 1992.
 
 Before LOGAN, Circuit Judge, BARRETT, Senior Circuit Judge, and EBEL, Circuit Judge.
 ORDER AND JUDGMENT*
 EBEL, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 This is a direct appeal from a denial of the Defendant-Appellant's motion for leave to file a late notice of appeal. The Defendant-Appellant makes two contentions on appeal: (1) that the district court erred in denying him leave to file a late notice of appeal, and (2) that if the district court properly denied his motion to file a late appeal, he was denied his Sixth Amendment right to effective assistance of counsel because his lawyer failed to perfect his appeal.[1]
 
 
 3
 I. Denial of the Motion to File a Late Appeal
 
 
 4
 We disagree with Defendant-Appellant Gregory's first contention. Gregory clearly failed to meet the prerequisites for timely notice of appeal under Federal Rule of Appellate Procedure 4(b). In criminal cases, a defendant must file a notice of appeal within ten days after the entry of judgment. Fed.R.App.P. 4(b). Upon a showing of excusable neglect the district court may extend the time for filing a notice of appeal for a period not to exceed thirty days from the expiration of the ten-day period. Fed.R.App.P. 4(b). A timely notice of appeal is "mandatory and jurisdictional." United States v. Davis, 929 F.2d 554, 557 (10th Cir.1991) (quoting United States v. Robinson, 361 U.S. 220, 224 (1960)).
 
 
 5
 In the instant case, Gregory pleaded guilty to bank robbery in violation of 18 U.S.C. § 2113(a) and was convicted on February 5, 1990. The district court sentenced him on April 5, 1991. Gregory did not file a motion for late notice of appeal until thirteen months later, on May 6, 1991. Because Gregory failed to file his notice of appeal within the time limits of Rule 4(b), the district court correctly denied his motion to file a late notice of appeal.
 
 
 6
 II. Denial of the Right to Effective Assistance of Counsel
 
 
 7
 We do, however, agree with Gregory's second contention, that he was denied his Sixth Amendment right to effective assistance of counsel because his lawyer failed to perfect his appeal. Gregory claims that he requested an appeal in open court after his sentencing. [Appellant's Br. at 1, 2] The sentencing transcript, however, does not reflect a direct request. Rather, it appears that after the district court advised Gregory of his right to appeal, Gregory asked, "How do I do that?" The court answered, "Your attorney will advise you in that regard and assist you in that regard." [Tr. 5] In an affidavit, Gregory's appointed counsel Larry Tedder confirmed Gregory's claim that Tedder told him that he would visit Gregory in jail to discuss an appeal. [Rec. at Tab 18] Tedder also stated in the affidavit that he and Gregory spoke briefly at the sentencing hearing about Gregory's right of appeal. [Rec. at Tab 18] In a subsequent affidavit, however, Tedder stated, "[A]t no time did Charles Ray Gregory indicate to me that he desired to appeal his case; Mr. Gregory merely indicated to me that he wanted to talk about an appeal." [Rec. at Tab 18] Tedder stated that when he went to visit Gregory in jail a few days after sentencing and within the time limit for filing a notice of appeal, Gregory had been transferred to another jail, and jail personnel could not tell him to which jail Gregory had been transferred. Gregory did not contact Tedder for several weeks after the sentencing. Feeling there was no legal ground for an appeal, Tedder did not prosecute an appeal for Gregory. [Rec. at Tab 18]
 
 
 8
 The Government recognizes that "a defendant is denied effective assistance of counsel if he asks his lawyer to perfect an appeal and the lawyer fails to do so by failing to file a brief, a statement of appeal or otherwise." See Abels v. Kaiser, 913 F.2d 821, 823 (10th Cir.1990) (citing Evitts v. Lucey, 469 U.S. 387, 389 (1985); Rodriguez v. United States, 395 U.S. 327, 329 (1969)). Nevertheless, the government contends that because Gregory never explicitly instructed Tedder to prosecute an appeal or directly told the court that he wanted to appeal, he was not denied the effective assistance of counsel. We disagree.
 
 
 9
 An indigent criminal defendant has the constitutional right to the assistance of counsel. Gideon v. Wainwright, 372 U.S. 335, 339-40 (1963). This right to counsel extends to a defendant's first appeal of right. Douglas v. California, 372 U.S. 353, 357 (1963). More specifically, the right to counsel is the right to effective assistance of counsel. See Osborne v. Shillinger, 861 F.2d 612, 624 (10th Cir.1988) (quoting Strickland v. Washington, 466 U.S. 668, 686 (1984) (citations omitted)). To be considered constitutionally effective, a defense attorney "must explain the advantages and disadvantages of an appeal ... [and] inquire whether the defendant wants to appeal the conviction; if that is the client's wish, counsel must perfect an appeal." Baker v. Kaiser, 929 F.2d 1495, 1499 (10th Cir.1991) (citations omitted). Merely advising the defendant of the right to appeal is insufficient. Id. at 1499. The Baker court held that an appointed attorney's representation of a defendant was constitutionally ineffective because counsel "never advised [the defendant] of the pros and cons of appealing his conviction, and did not ascertain whether he wanted to appeal." 929 F.2d at 1499-1500.[2]
 
 
 10
 Although a criminal defendant generally has no right to notice concerning the right to appeal a guilty plea, Hardiman v. Reynolds, 971 F.2d 500, 506 (10th Cir.1992), we have found two important exceptions to this rule. Counsel has a duty to inform the defendant of the right to appeal "[i]f a claim of error is made on constitutional grounds, which could result in setting aside the plea, or if the defendant inquires about an appeal right." Laycock v. New Mexico, 880 F.2d 1184, 1188 (10th Cir.1989) (citing Marrow v. United States, 772 F.2d 525, 528 (9th Cir.1985)) (emphasis added).
 
 
 11
 Although the record does not appear to support Gregory's claim that he directly requested an appeal at his sentencing hearing, the record clearly establishes that Gregory inquired about his right of appeal. For example, when Gregory was advised at his sentencing hearing of his right to appeal, Gregory asked, "How do I do that?" [Tr. 5] Gregory's appointed counsel, Tedder, confirmed that Gregory asked about an appeal; in his second affidavit, Tedder states that Gregory "indicated to me that he wanted to talk about an appeal." [Rec. at Tab 18] These remarks qualify as an "inquiry" under Laycock, thus triggering Tedder's duty under Baker to advise Gregory of the pros and cons of appealing and to ascertain whether Gregory wanted to appeal. The record establishes that Gregory never received such assistance from Tedder during the time required to perfect a timely appeal. Based upon the undisputed facts in the record, Gregory was denied the right to effective assistance of counsel on appeal under Baker.[3]
 
 
 12
 When a defendant has been denied effective assistance of counsel in perfecting an appeal, "[t]he proper remedy is a resentencing to enable defendant to perfect an appeal." U.S. v. Davis, 929 F.2d 554, 557 (10th Cir.1991) (citing Abels, 913 F.2d at 823); see Rodriguez v. United States, 395 U.S. 327, 332 (1969) (holding that the defendant was denied the right to effective assistance of counsel on appeal and remanding to the district court for resentencing so that the defendant could perfect an appeal).
 
 
 13
 Accordingly, we REVERSE and REMAND this case to the district court for resentencing so that Gregory's time to perfect an appeal will begin to run anew.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Although Gregory did not explicitly frame this issue on appeal as an ineffective assistance of counsel claim, we construe pro se litigants' pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991). This rule applies to all proceedings involving a pro se litigant. Hall, 935 F.2d at 1110. We find that the Gregory has sufficiently alleged an ineffective assistance of counsel claim
 
 
 [2]
 When a defendant shows that counsel was constitutionally inadequate because of a failure to perfect an appeal properly, the defendant need not show that counsel's deficient performance prejudiced the defense as required by Strickland, 466 U.S. at 687. See Abels, 913 F.2d at 823 ("[W]hen courts have found counsel constitutionally inadequate, because either retained or appointed counsel failed to properly perfect an appeal, they do not consider the merits of arguments that the defendant might have made on appeal.") (citing Rodriguez, 395 U.S. at 330). Accordingly, we need not and do not consider whether Gregory's substantive claims have merit
 
 
 [3]
 We note that Tedder's belief that there was no legal ground for Gregory's appeal is irrelevant to our inquiry here. It has long been settled that if an appointed counsel finds a client's case to be wholly frivolous, he should so advise the court and furnish a brief referring to anything in the record that might arguably support an appeal. Anders v. California, 386 U.S. 738, 744 (1967); Jackson v. Turner, 442 F.2d 1303, 1306 (10th Cir.1971). As the Supreme Court pointed out in Anders, "The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate on behalf of his client, as opposed to that of amicus curiae." Id. This procedure helps counsel as well, protecting appointed attorneys from charges that they are ineffective and have not handled cases with the diligence that indigent defendants are entitled to. Id