UNITED STATES COURT OF APPEALS
**Filed 6/26/96**
FOR THE TENTH CIRCUIT

JACK L. KERNS,

        Petitioner-Appellant,

v.

ROBERT J. TANSY, Warden,

        Respondent-Appellee.

No. 95-2091
(D.C. No. CIV 91-43 MV)
(D.N.M.)

ORDER AND JUDGMENT[*]

Before EBEL, BARRETT, and HENRY, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner appeals from the district court's denial of his petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254. In his habeas petition, petitioner alleged that his trial counsel was constitutionally ineffective because he did not adequately prepare for trial or vigorously defend petitioner, which, in turn, led petitioner to plead no contest to the charges during the course of the trial. Because the plea was the result of alleged ineffective assistance, petitioner contended that it was not voluntary and should be set aside. In addition to the claim of ineffective assistance of counsel that allegedly led to an involuntary plea, petitioner also asserted that his counsel was ineffective because he erroneously informed petitioner that he could not appeal from his conviction. Although petitioner did not initially raise this latter claim in his habeas petition, he did raise it in his merits brief before the district court.

Respondent conceded that petitioner had exhausted his state court remedies with respect to all the claims raised in the federal petition itself. Respondent, however, did not concede exhaustion of petitioner's claim of ineffective assistance based on counsel's advice about his right to appeal.[1] To the contrary, respondent argued that the claim was not

---

[1] Respondent also argued that petitioner did not exhaust his claim that counsel was ineffective because he advised petitioner that he could not obtain new appointed counsel. A review of petitioner's state habeas petition, however, reveals that this claim was raised in state court. See R. Vol. I, Doc. 8, Ex. B at 13 ("Defense counsel told defendant that the defendant could not ask for another attorney, even though the defense counsel was not providing any defense whatsoever.").

2

exhausted and, therefore, that the petition was a mixed one and should be dismissed. See Rose v. Lundy, 455 U.S. 509, 522 (1982). For the reasons that follow, we agree.

"A state prisoner bears the burden of showing he has exhausted available state remedies." Hernandez v. Starbuck, 69 F.3d 1089, 1092 (10th Cir. 1995), cert. denied, No. 95-8365, 64 U.S.L.W. 3793, 1996 WL 138025 (U.S. May 28, 1996). To meet the exhaustion requirement, "it is not sufficient merely that the federal habeas applicant has been through the state courts." Picard v. Connor, 404 U.S. 270, 275-76 (1971). Rather, a federal claim generally will not be deemed exhausted unless the "substance" of the claim has been "fairly presented" to the state courts. Id. at 275, 277-78.

Here, petitioner did not take a direct appeal from his conviction and sentence, but he did file a state habeas petition. The second ground for relief in the state petition was based on ineffective assistance of counsel. Although petitioner discussed, for three and one-half pages, how his counsel was ineffective in preparing for and participating in the trial, petitioner never mentioned counsel's alleged ineffectiveness in advising him that he could not appeal. The twenty-one page habeas petition contained only one reference to this advice. Where the form directed petitioner to "[s]tate the reasons for not appealing," petitioner wrote: "I was told I could not appeal by my attorney." R. Vol. I, Doc. 8, Ex. B at 5. This single recitation of fact, in response to a question unrelated to the merits of petitioner's habeas claims, did not constitute a fair presentment to the state court of petitioner's federal claim for

ineffective assistance of counsel based on allegedly erroneous advice about petitioner's appeal rights.

We recognize that, had the state responded to the habeas petition, petitioner's failure to take a direct appeal and the reasons for that failure would, most likely, have been raised and litigated. This, in turn, may well have resulted in a fair presentment of petitioner's present claim for ineffective assistance of counsel to the state court. Unfortunately, petitioner's numerous attempts to secure a response from the state were futile, and after the habeas action languished for over two years with no action by the state court, it was dismissed for failure to prosecute without the state ever having filed a response. Thus, the only claims before the state court were those set forth in the petition itself, which, we conclude, did not fairly present the claim for ineffective assistance of counsel.

While the circumstances surrounding the disposition of petitioner's state habeas action do not lead us to find exhaustion, they do lead us to conclude that, given New Mexico's avowed "view of the nature of res judicata in the habeas corpus setting as an equitable, discretionary, and flexible judicial doctrine," Duncan v. Kerby, 851 P.2d 466, 469 (N.M. 1993), petitioner will not necessarily be procedurally barred from bringing a second habeas action in state court raising the present claim for ineffective assistance of counsel. Cf. Manlove v. Sullivan, 775 P.2d 237, 241 (N.M. 1989)(leaving to the court's discretion the decision whether to apply finality principles to a second habeas proceeding). We also note that respondent has never argued that petitioner would likely be barred from bringing an

4

action to exhaust this claim. Therefore, rather than deem petitioner's claim procedurally barred, see Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991), we will permit petitioner to return to state court to exhaust this claim.

In reaching this conclusion, we have considered the applicability of Granberry v. Greer, 481 U.S. 129, 134 (1987), which permits a federal court to hear the merits of an unexhausted claim when the state has not raised the issue of exhaustion and the court determines that "the interests of comity and federalism will be better served by addressing the merits [of any unexhausted claims] forthwith [than] by requiring a series of additional state and district court proceedings before reviewing the merits of the petitioner's claim." Here, respondent did raise the issue of failure to exhaust in the district court. Although respondent did not reassert this defense on appeal, except for one passing comment, see Br. of Appellee at 24, we will not treat this failure as a waiver of the defense. See Hernandez, 69 F.3d at 1094.[2]

Moreover, we think the interests of comity and federalism would be better served by giving the state courts the first opportunity to address the merits of petitioner's claim. First, before we could determine whether petitioner's trial counsel violated the limited duty to

---

[2]  We also note that the recent amendments to 28 U.S.C. § 2254 provide that "[a] State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement." Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, tit. I, sec. 104(3), 110 Stat. 1214, 1219. Because the result in this case would not change, we need not decide whether this or any other aspect of the recent amendments applies in this case.

advise petitioner of his right to appeal set forth in Laycock v. New Mexico, 880 F.2d 1184, 1187-88 (10th Cir. 1989), we would have to remand the matter to the district court for an evidentiary hearing to develop a factual record as to what petitioner asked his counsel and what his counsel told him. Second, if the facts established a valid claim for ineffective assistance of counsel in relation to petitioner's appeal rights, we would hold the federal action in abeyance to give the state an opportunity to grant petitioner an appeal out of time. See, e.g., Baker v. Kaiser, 929 F.2d 1495, 1501 (10th Cir. 1991); Abels v. Kaiser, 913 F.2d 821, 823 (10th Cir. 1990). By giving the state courts an opportunity to hear petitioner's claim in the first instance, the necessary record can be developed and a new appeal can be granted, if necessary, without the need for federal court intervention.

The judgment of the United States District Court for the District of New Mexico is REVERSED, and the action is REMANDED to the district court with directions to dismiss the action without prejudice.

Entered for the Court


David M. Ebel
Circuit Judge

6