F I L E D
United States Court of Appeals
Tenth Circuit

APR 24 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA and
LEE R. WEST, District Judge,

Plaintiffs-Appellees,

v.

RODERICK AARON PIGGEE,

Defendant-Appellant.

No. 96-6111
(D.C. No. CIV-95-1223-W)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before BALDOCK, EBEL, and LUCERO, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Roderick Aaron Piggee appeals from the district court's denial of his motion for relief under 28 U.S.C. § 2255.[1] We have jurisdiction under 28 U.S.C. § 1291, and affirm.

Defendant was arrested in October 1990 after being implicated in a drug trafficking conspiracy. He was charged in a five-count indictment, and retained Michael Gassaway as his counsel. Mr. Gassaway negotiated a plea agreement under which four counts of the indictment would be dismissed, along with an information the government had filed to establish defendant's prior convictions for the purpose of enhancing his sentence, in exchange for defendant's plea of guilty to count one of the indictment, conspiracy to possess with intent to distribute cocaine base. The effect of dismissing the information was to reduce the mandatory minimum sentence on the conspiracy charge from twenty to ten years. Defendant entered his guilty plea under this agreement at a change of plea hearing, after the court explained--and defendant said he understood--the charge and the maximum punishment it carried. At his March 14, 1991 sentencing, defendant grudgingly admitted his guilt in the charged crack cocaine trafficking

---

[1] Because defendant filed his notice of appeal on March 21, 1996, before the enactment of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), he is not required to obtain a certificate of appealability under 28 U.S.C. § 2253(c), nor is his § 2255 motion barred because it was not filed within the one-year limitation period set forth in the revised § 2255. See United States v. Lopez, 100 F.3d 113, 116 (10th Cir. 1996).

conspiracy, to support his motion for a two-level downward adjustment for acceptance of responsibility. The district court granted the motion--over the prosecutor's protest--which resulted in a guideline range of 210 to 262 months. The court sentenced defendant to 210 months' imprisonment, five years' supervised release, and a $50.00 special assessment. The district court advised defendant of his right to appeal, and to appeal in forma pauperis.

After this § 2255 motion was filed, Mr. Gassaway filed an affidavit in which he stated that he had been hired for trial court proceedings only, not for appeal, and that his services were expressly terminated after defendant was sentenced. Mr. Gassaway attached to his affidavit a copy of a letter dated March 21, 1991, which he said was hand-delivered to defendant in jail, reminding defendant that he needed to file a notice of appeal by March 25, 1991, and could retain counsel if he desired. On March 25, 1991, defendant's mother sent a letter to the district court advising the court that defendant wished to appeal. The district court clerk docketed this letter as a motion for extension of time. On April 22, without ruling on the motion for extension of time, the district court amended the judgment to correct a clerical error, and defendant's newly-retained counsel then filed a notice of appeal. We determined that we lacked jurisdiction over the appeal because the clerical amendment did not renew the time for filing the notice of appeal, and noted that the district court had not ruled on defendant's

motion for extension of time. See United States v. Piggee, No. 91-6179, 1992 WL 113749 (10th Cir. May 29, 1992) (unpublished). On July 8, 1992, the district court denied defendant's motion for extension of time because he had failed to demonstrate excusable neglect for not timely filing an appeal. On August 9, 1995, defendant filed this motion to set aside his conviction and sentence under 28 U.S.C. § 2255, which the district court denied.

On appeal, defendant argues that: (1) his guilty plea was obtained as a result of his counsel's negligence and fraud and therefore must be set aside; (2) he is entitled to a hearing to determine whether he was selectively prosecuted; (3) his sentence was based on the wrong guideline level and was fundamental error; and (4) he was denied effective assistance of counsel during pre-trial proceedings, plea negotiations, sentencing, and on appeal.

Because defendant failed to timely file a direct appeal, his claims are barred unless he can show cause for his procedural default and actual prejudice resulting from the alleged errors, or can show that a fundamental miscarriage of justice will result if we do not review his claims. See United States v. Cook, 997 F.2d 1312, 1320 (10th Cir. 1993) (citing United States v. Frady, 456 U.S. 152, 167-68 (1982)). We review de novo whether a defendant's claims are procedurally barred. See United States v. Allen, 16 F.3d 377, 378 (10th Cir. 1994).

-4-

Defendant cannot show a fundamental miscarriage of justice will result from the bar because a defendant cannot be actually innocent of a non-capital sentence and he does not claim to be actually innocent of the offense of conviction. See United States v. Richards, 5 F.3d 1369, 1371 (10th Cir. 1993) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986), and Sawyer v. Whitley, 505 U.S. 333, 339-41 (1992)).

Moreover, defendant has not shown cause and prejudice. He argues that ineffective assistance of counsel establishes cause. See McCleskey v. Zant, 499 U.S. 467, 494 (1991). We review the district court's underlying factual findings for clear error and whether counsel was ineffective de novo. See United States v. Haddock, 12 F.3d 950, 955 (10th Cir. 1993). Defendant must show that counsel's performance rendered the proceeding fundamentally unfair or unreliable. See United States v. Kissick, 69 F.3d 1048, 1055 (10th Cir. 1995). Reviewed under these standards, the record does not support defendant's claim of ineffective assistance of counsel at any stage of the proceedings. Ultimately, defendant knowingly and voluntarily entered a guilty plea, was aware of his right to appeal, and knew before the deadline that no appeal had been filed by his former defense counsel. Defendant nevertheless did not file a notice of appeal. Therefore, defendant's challenges to his conviction and sentence are procedurally barred.

Defendant has made no threshold showing to support his constitutional claim of selective prosecution. <u>See</u> <u>United States v. Armstrong</u>, 116 S. Ct. 1480, 1488-89 (1996). Therefore, he is not entitled to a hearing on this claim.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court


Bobby R. Baldock
Circuit Judge

United States v. Piggee, No. 96-6111

LUCERO, J., Dissenting.

I dissent from the majority's conclusion that Mr. Piggee's claims are procedurally barred and that "the record does not support defendant's claim of ineffective assistance of counsel at any stage of the proceedings." Majority Op. at 6. Certainly, "a defendant's failure to present an issue on direct appeal bars him from raising the issue in his § 2255 motion, unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains . . . ." United States v. Cook, 997 F.2d 1312, 1320 (10th Cir. 1993). However, neither the majority opinion nor the district court's order considers Mr. Piggee's contention that his failure to perfect a direct appeal was the direct result of his attorney's ineffective assistance. In my opinion, the record demonstrates that Mr. Piggee's attorney was asked to file a notice of appeal and failed to do so. Failure to perfect an appeal itself constitutes ineffective assistance of counsel. See Abels v. Kaiser, 913 F.2d 821, 823 (10th Cir. 1990). An attorney's error that amounts to constitutionally ineffective assistance of counsel provides cause to excuse a procedural default. Rogers v. United States, 91 F.3d 1388, 1391 (10th Cir. 1996).

In my view the district court never considered this issue. Even were we to assume an implied district court finding that Mr. Piggee never wanted to appeal

-1-

and never asked his retained counsel to appeal, such assumed finding would be clearly erroneous. In his supporting affidavit, Mr. Piggee states that he requested his attorney, to whom he paid at least $15,000, to take an appeal and that the attorney promised to do so. Appellant's App. at 231-32. A letter written to the sentencing court by Mr. Piggee's mother, requesting an extension of time to file a notice of appeal, corroborates Mr. Piggee's assertion and clearly demonstrates an intent to take an appeal. Id. at 140; see also Aaron Piggee's Aff., id. at 220 (attorney represented that he would defend Mr. Piggee until the end, "whether it took ten minutes or ten years"); Barbara Piggee's Aff., id. at 214 (stating that attorney promised to discuss strategy for appeal with appellant, but "never showed up").

The attorney, Michael Gassaway, has submitted an artfully crafted affidavit that does not contradict Mr. Piggee's assertion that he asked Mr.Gassaway to take an appeal on his behalf or that Mr. Gassaway agreed to file a notice of appeal. Rather, Mr. Gassaway merely states: "Mr. Piggee hired me to represent him at the trial court level only. I was never hired to do any appeal whatsoever and was specifically released and discharged subsequent to his sentencing." Supp. App. at 23. There is no evidence in the record that suggests Mr. Gassaway requested leave to withdraw from the court or that the court dismissed him from his representation of Mr. Piggee. The government submits as evidence a letter from

Mr. Gassaway informing Mr. Piggee of his right to appeal. Supp. App. at 38. This letter, however, does not shed light on whether Mr. Piggee actually requested Mr. Gassaway to take an appeal on his behalf. In my mind, the uncontradicted evidence strongly demonstrates Mr. Piggee's stated desire to appeal his sentence. Under these circumstances, the attorney's failure to file a timely notice of appeal for his incarcerated client because he was hired "to represent [Mr. Piggee] at the trial court level only" is professionally unreasonable and denies effective assistance.

In cases where an attorney's ineffective assistance is the reason no appeal was filed, prejudice will be presumed. See Abels, 913 F.2d at 823; Hannon v. Maschner, 845 F.2d 1553, 1558 (10th Cir. 1988). "[W]hen courts have found counsel constitutionally inadequate, because either retained or appointed counsel failed to properly perfect an appeal, they do not consider the merits of arguments that the defendant might have made on appeal." Abels, 913 F.2d at 823. Accordingly, the proper remedy is to allow Mr. Piggee to be resentenced to enable him to perfect an appeal. See United States v. Moore, 83 F.3d 1231, 1233 (10th Cir. 1996).

For the foregoing reasons, I respectfully dissent.