**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-6570

MARVIN SUMNER,

Petitioner - Appellant,

v.

KEITH DAVIS, Warden,

Respondent - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Richard L. Williams, Senior District Judge. (3:07-cv-00112-RLW)

Argued: March 25, 2009          Decided: July 28, 2009

Before NIEMEYER and GREGORY, Circuit Judges, and Eugene E. SILER, Jr., Senior Circuit Judge of the United States Court of Appeals for the Sixth Circuit, sitting by designation.

Affirmed by unpublished opinion. Senior Judge Siler wrote the opinion, in which Judge Niemeyer joined. Judge Gregory wrote a dissenting opinion.

**ARGUED:** David G. Maxted, DUKE UNIVERSITY SCHOOL OF LAW, Durham, North Carolina, for Appellant. Leah A. Darron, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellee. **ON BRIEF:** James E. Coleman, Jr., Jennifer E. Brevorka, Jonathan S. Tam, DUKE UNIVERSITY SCHOOL OF LAW, Durham, North Carolina, for Appellant. Robert F. McDonnell, Attorney General of Virginia, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

SILER, Senior Circuit Judge:

Defendant Marvin Sumner appeals the district court's denial of his petition for a writ of habeas corpus. He argues that the district court erred in concluding that he failed to demonstrate ineffective assistance of counsel on appeal. For the following reasons, we affirm the district court.

I.

In 2004, Sumner was convicted of discharging a weapon in public in violation of Va. Code Ann. § 18.2-280 and possession of a firearm by a convicted felon in violation of Va. Code Ann. § 18.2-108.2. The charges arose out of an incident in July 2004: two witnesses - Kerri Cole and Carlton Outland - allegedly saw Sumner come out of his apartment, fire a gun three times, turn and fire another shot, and walk behind the building. Then, they heard two more shots. They later described Sumner's appearance to Officer Cintron and identified Sumner as the shooter. In addition, Officer Cintron recovered two .45 caliber shell casings where Sumner had allegedly been standing and one .45 caliber shell casing on Sumner's person after arresting him for littering and drinking in public. The arrest occurred after Cintron saw Sumner walking down the street drinking a beer and then throwing the beer bottle on the ground.

3

The state trial court overruled Sumner's motion to suppress the shell casing found on his person. After conviction, Sumner appealed, arguing insufficiency of the evidence. His brief explained the intended scope of the argument: the evidence was insufficient and the motion to suppress the cartridge should have been granted. However, defense counsel failed to include the Fourth Amendment claim in the question presented.

The Court of Appeals of Virginia affirmed, finding that the "direct and corroborating circumstantial evidence was sufficient to prove possession of a firearm and discharging a firearm in public beyond a reasonable doubt." It also found Sumner's failure to include his Fourth Amendment issue in his questions presented, as required by Virginia Supreme Court Rules 5A:12(c) and 5A:20(c), barred consideration of that issue on appeal. A three-judge panel of the Court of Appeals of Virginia affirmed. Sumner appealed. His defense counsel presented the same arguments but amended the question presented to include both the sufficiency of the evidence and Fourth Amendment claims. In 2006, the Supreme Court of Virginia denied further review.

Sumner thereafter filed a petition for a writ of habeas corpus in the Supreme Court of Virginia claiming ineffective assistance of counsel. He argued that defense counsel's failure to follow the state court rules - because of counsel error rather than strategic considerations - precluded direct review

4

of his Fourth Amendment claim in his pro se memorandum in support of the petition. He did not argue that he suffered prejudice from his counsel's conduct. The court dismissed the petition because Sumner failed to satisfy both the "performance" and "prejudice" prongs of Strickland v. Washington, 466 U.S. 668, 687 (1984): (1) "the selection of issues to address on appeal is left to the discretion of appellate counsel, and counsel need not address every possible issue on appeal" and (2) Sumner "does not attempt to demonstrate that the excluded argument had merit or would have been successful had it been included in the questions presented."

In 2007, Sumner filed a petition for a writ of habeas corpus in the federal district court pursuant to 28 U.S.C. § 2254. He claimed that (1) he was entitled to effective assistance of counsel on direct appeal; (2) his counsel was ineffective by failing to follow state court rules; (3) the State violated his due process rights by imposing a sanction on him for his counsel's error; and (4) the State violated his Fourth Amendment rights through an illegal search and seizure. The district court denied the petition. It determined that only the second claim was properly before the court; the other three had been procedurally defaulted because they were not raised before the state court. It concluded that Sumner "failed to demonstrate that appellate counsel was deficient or that he was

prejudiced by the omission of an appellate challenge to the Circuit Court's denial of the motion to suppress."

II.

We review the "district court's decision on a petition for writ of habeas corpus based on a state court record" de novo. Bell v. Ozmint, 332 F.3d 229, 233 (4th Cir. 2003). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), we review state court legal and factual determinations under a limited and highly deferential standard: an application for a writ of habeas corpus shall not be granted unless the state court decision upon which it is based (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) involved "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." State court factual findings "shall be presumed to be correct," and "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(d)-(e); see also Lawrence v. Branker, 517 F.3d 700, 707-08 (4th Cir. 2008).

Sumner must show that the state court's determinations were "objectively unreasonable" to prevail. See Miller-El v. Cockrell, 537 U.S. 322, 340 (2003); Williams v. Taylor, 529 U.S.

6

362, 409 (2000).  It is not sufficient for the state court's decision to be erroneous or incorrect.  See Branker, 517 F.3d at 708 (citing Williams, 529 U.S. at 409-11).  The phrase "clearly established Federal law" refers to the "holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision."  Id. (citing Williams, 529 U.S. at 412).

### III.

Sumner argues that his counsel was ineffective by failing to preserve his Fourth Amendment claim and that prejudice should be presumed because the error effectively precluded direct appellate review of his entire appeal.  However, the district court properly denied his petition for habeas corpus because the Supreme Court of Virginia did not unreasonably apply federal law as determined by the United States Supreme Court by concluding that Sumner was required to show prejudice and failed to do so.

The Supreme Court has held that to establish ineffective assistance of counsel, a defendant must show both that (1) his counsel's performance was deficient or "fell below an objective standard of reasonableness" in light of prevailing professional norms and (2) the deficient performance prejudiced the defendant or "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have

7

been different." Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). Furthermore, a court need not address both "performance" and "prejudice" if the defendant makes an insufficient showing on one, and "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." Id. at 697. However, in certain contexts, prejudice is presumed. For example, "[a]ctual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice." Id. at 692; see also Roe v. Flores-Ortega, 528 U.S. 470, 482-83 (2000) (citing United States v. Cronic, 466 U.S. 648, 658-59 (1984)) (providing that prejudice is presumed when a defendant is deprived of the appellate proceeding altogether, which he wanted at the time and to which he had a right).

The facts in this case, unlike those contemplated in Cronic and Flores-Ortega, did not completely deny Sumner of the appellate process. Although counsel's error precluded direct appellate review of an aspect of Sumner's insufficiency of the evidence claim, Sumner did not suffer complete forfeiture of desired appellate proceedings. Counsel's conduct is more aptly characterized as a "deficient performance" or "attorney error" that is "subject to [the] general requirement that the defendant affirmatively prove prejudice." Strickland, 466 U.S. at 693.

The Supreme Court of Virginia and the district court reasonably concluded that Sumner failed to show that he was prejudiced by counsel's failure to include his Fourth Amendment claim in the question presented.[*]  The Supreme Court has found that "[i]f an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender."  Atwater v. City of Lago Vista, 532 U.S. 318, 354 (2001).  In this case, Officer Cintron saw Sumner walking down the street drinking a beer and then throwing the bottle on the ground.  He found the .45 caliber shell casing in Sumner's pocket pursuant to a lawful arrest for drinking in public and littering.  See Chimel v. California, 395 U.S. 752, 763 (1969).  In addition, even without the challenged shell casing, there was ample eyewitness testimony of his guilt.

AFFIRMED

---

[*] Sumner only argues that prejudice should be presumed; he does not argue, in the alternative, that he could otherwise establish prejudice.

GREGORY, Circuit Judge, dissenting:

This case is not as simple as the majority opinion suggests. Marvin Sumner's counsel failed to properly set forth the primary basis of his appeal in the "Questions Presented" portion of his brief. We must now determine whether this omission effectively denied him an appeal when it resulted in a procedural default of the entire claim. If so, then the Supreme Court has instructed that we may presume prejudice and find ineffective assistance of counsel. Under the facts of this case and governing Supreme Court precedent, I am convinced that Sumner's counsel was indeed ineffective and that his petition for a writ of habeas corpus should be granted.

I.

A more detailed rendering of the facts is necessary for a full consideration of this case: On July 11, 2004, two people, Kerri Cole and Carlton Outland, claim to have seen Sumner come out of his apartment, raise a gun, and fire it three times. They assert that it was not completely dark outside, that the parking lot and apartment complex were well-lit, and that the only obstacle between them and Sumner was a chain-link fence. Cole recounted that, after Sumner fired the first shots, Sumner saw Cole, walked between two apartments, raised his hand, and fired a fourth shot before he went behind the building.

10

Cole and Outland relayed what occurred to one Officer Cintron. They described Sumner's physical appearance and clothing, stating that he was wearing a blue jersey with the number "11." Police detained Sumner at a nearby 7-11. Cole and Outland identified Sumner as the person who fired the gun, even though Sumner was wearing a black jersey with the number "71." Cintron returned to the scene of the firings and recovered two .45-caliber shell casings.

While Cintron returned to the shooting scene, another officer released Sumner. Upon learning of this, Cintron followed Sumner and allegedly saw him toss a beer bottle onto the ground. Cintron arrested Sumner for littering, then searched him and found a .45-caliber shell casing in his pocket. Sumner admitted that he was a convicted felon, and Cintron confirmed this with a background check. Sumner was then arrested for possession of a firearm by a convicted felon and for discharging a firearm in a public place.

Sumner was convicted, and the Virginia Court of Appeals affirmed the conviction, finding that there was sufficient evidence to support it. However, Sumner's counsel failed to identify his Fourth Amendment claim—that the .45-caliber cartridge was obtained via a pretextual, illegal search and seizure—in the Questions Presented, as required by the Virginia

Supreme Court,[*] even though his appeal was primarily based on this claim. The only claim stated in the Questions Presented was the following: "Did the trial court err in finding evidence of possession of a firearm by a convicted felon and discharging a firearm necessary to support a conviction under [Virginia law]?" (J.A. 58.) Thus, the Court of Appeals deemed the claim forfeited. The Supreme Court of Virginia denied his petition for appeal and his petition for a writ of habeas corpus, finding that he had demonstrated neither deficiency nor prejudice by counsel.

The appellant filed a habeas petition in the Eastern District of Virginia, which ruled against him. The district court found that all of Sumner's claims except for his ineffective assistance of counsel ("IAC") claim had been procedurally defaulted. Regarding his IAC claim, the district court found that the question of which issues to appeal was a strategic one for counsel to make, and moreover, Sumner could not show how he was prejudiced by counsel's decision.

---

[*] Virginia Supreme Court Rule 5A:12(c) states, in part: "The petition for appeal shall contain the questions presented."

Virginia Supreme Court Rule 5A:20(c) states that the opening brief shall contain: "A statement of the questions presented with a clear and exact reference to the page(s) of the transcript, written statement, record, or appendix where each question was preserved in the trial court."

12

II.

Criminal defendants are entitled to effective assistance of counsel on appeals as of right. Evitts v. Lucey, 469 U.S. 387 (1985). Under Strickland v. Washington, 466 U.S. 668 (1984), a defendant claiming ineffective assistance of counsel must typically meet both an objective and a prejudice prong. Regarding the first prong, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." Id. at 688. To meet the prejudice prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. However, "[i]n certain Sixth Amendment contexts, prejudice is presumed. Actual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice." Id. at 692.

Constructive denial of assistance of counsel was explored more deeply in Roe v. Flores-Ortega, 528 U.S. 470 (2000). In that case, the defendant pled guilty to murder and was allowed sixty days to appeal his sentence under California law. His attorney failed to do so despite the fact that the defendant did not previously consent to a failure to file the appeal. Although Flores-Ortega dealt with a situation in which the defendant did not expressly request that his attorney file a

13

notice of appeal, the Supreme Court noted that when a defendant does expressly make such a request, "[c]ounsel's failure to do so cannot be considered a strategic decision; filing a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes." Id. at 477. Moreover:

> [C]ounsel's alleged deficient performance arguably led not to a judicial proceeding of disputed reliability, but rather to the forfeiture of a proceeding itself. According to respondent, counsel's deficient performance deprived him of a notice of appeal and, hence, an appeal altogether. Assuming those allegations are true, counsel's deficient performance has deprived respondent of more than a fair judicial proceeding; that deficiency deprived respondent of the appellate proceeding altogether.

Id. at 483. In such instances, the Supreme Court has instructed that a presumption should be applied in which a defendant need only demonstrate that "there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Id. at 484; see also Peguero v. United States, 526 U.S. 23, 28 (1999) ("[W]hen counsel fails to file a requested appeal, a defendant is entitled to resentencing and to an appeal without showing that his appeal would likely have had merit").

In United States v. Peak, 992 F.2d 39 (4th Cir. 1993), this Court considered a case in which the defendant pled guilty to distribution of crack cocaine. He asked his attorney to appeal

14

his sentence, but the attorney failed to file a notice of appeal. The Court held that "a criminal defense attorney's failure to file a notice of appeal when requested by his client deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success." Id. at 42. In explaining why this is the case, the Court noted:

> Strickland is concerned with attorney performance in the course of representation. By its own text, it does not apply to deprivations of counsel altogether, which violate the Sixth Amendment without the need for even the most elementary judicial interpretation. No one would seriously contend that a defendant need not have an attorney at trial if there is no "reasonable probability" that an attorney could win an acquittal. We see no reason to apply a different rule on direct appeal, where the defendant has the same absolute right to counsel he enjoys before conviction. However effective or ineffective Peak's counsel was before the judgment of conviction, his failure to file the requested appeal deprived Peak of the assistance of counsel on direct appeal altogether.

Id.; see also Frazer v. South Carolina, 430 F.3d 696 (4th Cir. 2005) (finding ineffective assistance of counsel when an attorney failed to consult with his client regarding the filing of an appeal); Becton v. Barnett, 920 F.2d 1190, 1195 (4th Cir. 1990) ("The effect of counsel's failure to appeal was that Becton lost his ability to protect his 'vital interests at stake.' He was unable to attempt to demonstrate that his conviction was unlawful through the appellate process." (internal citation omitted)).

15

These cases illustrate that the failure to file an appeal results in a presumption of ineffective assistance of counsel. This is so because the failure deprives the defendant of the process by which his constitutional rights are reviewed and his deprivation of liberty assessed. And in these circumstances, the defendant need show only that, but for his counsel's omission, he would have filed an appeal. This principle logically applies to the present case.

Although Sumner's attorney did file a notice of appeal, he omitted a critical part of the appeal: properly presenting the primary issue for review in the Questions Presented. Because of this omission, the state courts deemed the claim to be procedurally defaulted. Since Sumner's appeal was based almost completely on this unperfected claim, his counsel effectively denied Sumner the entire appeal. And, but for the omission of Sumner's counsel, his appeal would have been timely and properly before the court. Therefore, by his counsel's error, Sumner was indisputably deprived of the process by which his Fourth Amendment rights and resultant deprivation of liberty would be assessed, and we may presume prejudice.

The appellees argue, and the majority finds, that Sumner's case is different because the above-cited cases all involved circumstances in which the attorney completely failed to preserve the right to an appeal, thus forfeiting the entire

16

process.  However, the logic underlying the Supreme Court's precedent does not allow us to read constructive ineffective assistance of counsel so narrowly.  If an attorney, through his omission and not strategy, fails to raise a critical claim on appeal—and the appeal consists almost entirely of that claim—then the attorney has failed to perfect the appeal and has effectively denied the defendant his right to the appeal.  See Hernandez v. United States, 202 F.3d 486, 489 (2d Cir. 2000) (finding "no basis" for "a distinction between a criminal defendant whose counsel files an untimely notice of appeal, does not file a notice of appeal, or files a timely notice and then neglects to perfect the appeal."); Abels v. Kaiser, 913 F.2d 821, 823 (10th Cir. 1990) ("[W]hen courts have found counsel constitutionally inadequate, because either retained or appointed counsel failed to properly perfect an appeal, they do not consider the merits of arguments that the defendant might have made on appeal.").

The problem was compounded when Sumner's counsel failed to amend his petition to include a new question presented, even though a party may attempt to do so prior to an action on the petition by the Virginia Court of Appeals:  "Although the timely filing of a petition for appeal is jurisdictional, nothing in the Rules of Court prevents us from exercising our inherent authority to allow the petitioner to present additional issues

17

for our consideration when we have already acquired jurisdiction and have not yet acted on the original petition." Riner v. Virginia, 579 S.E.2d 671, 677-78 (Va. Ct. App. 2003), aff'd, 601 S.E.2d 555 (Va. 2004). Instead of attempting to amend the petition, the attorney wrote to Sumner and told him: "I have never had the appellate court to [sic] reject a brief because of the question presented or the assignment of errors. I believe it would be a manifest injustice in this case for them to do so." (J.A. 33.) He further claimed that, because "the appellate courts operate under very strict time frames," and the deadline for filing the initial brief had passed, he did not "have the ability to change anything." (Id.) Given the holding in Riner, this was simply incorrect.

This letter is also a clear indication that the decision of Sumner's counsel not to include the proper Questions Presented or to amend the Questions Presented section was not, as the appellees contend and as the courts below found, a strategic decision to which we grant deference. The omitted argument accounted for four of the seven pages of his arguments section. (J.A. 59-62.) Sumner's counsel intended to, and indeed did, present the argument as part of his appeal. But he failed to properly present the argument in the Questions Presented portion of the brief. This was not strategy.

18

III.

Sumner was denied consideration of the merits of his appeal because of the error of his attorney.  Thus, he was effectively denied an appeal altogether.  The majority does not recognize the constitutional infirmity of this denial, and I therefore dissent from its opinion.