Dewayne R. HAYES, Petitioner,

v.

John MORGAN, Warden, Respondent.

No. 1:96 CV 2636.

United States District Court,
N.D. Ohio,
Eastern Division.

June 21, 1999.

Lillian B. Earl, Office of the Assistant Attorney General, Cleveland, OH, for petitioner.

Timi J. Townsend, Office of the Public Defender Ohio Public Defender Commission, Columbus, OH, for respondent.

## MEMORANDUM OF OPINION AND ORDER CONDITIONALLY GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS

WELLS, District Judge.

### I. Introduction

This case is before the Court on the amended petition of petitioner Dewayne R. Hayes ("Hayes") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Betty D. Montgomery, Ohio Attorney General, filed a return of writ on behalf of respondent John Morgan, Warden ("Morgan"). Hayes filed a response brief.

The Court referred this matter to United States Magistrate Judge Joseph W. Bartunek for a report and recommended decision. Later, the referral to Magistrate Judge Bartunek was withdrawn and the matter was referred to Magistrate Judge James D. Thomas.

Magistrate Judge Thomas filed a report and recommended decision ("R & R") rec-

ommending that the Court "issue a writ of habeas corpus requiring the State of Ohio to reinstate Petitioner's appeal, with the appointment of new counsel, and provide a full transcript of all proceedings from the lower court to the newly appointed counsel." R & R at 24.

Morgan filed objections to the R & R, and Hayes filed a response. Morgan's objections "do not challenge the factual findings of the Magistrate Judge." Objections at unnumbered second page. Hayes does not object to the R & R, but rather urges its adoption in its entirety.

## II. Procedural History

Because there are no objections to the R & R's factual findings, the procedural history detailed at pages 821–825 is adopted and will not be repeated at length. In summary, Hayes was tried and convicted by a jury of burglary, having weapons while under a disability, and aggravated menacing. His conviction was on a second indictment against him; the first was dismissed during his trial. Hayes was sentenced on 14 April 1995 to a total of six years of actual incarceration, followed by an indeterminate period of three to ten years. He is presently serving his sentence at the North Central Correctional Institution, Marion, Ohio.

Hayes sought to appeal the conviction through appellate counsel (who also was trial counsel, but different from Hayes' current counsel). However, counsel filed a notice of appeal bearing the case number of the indictment which was dismissed rather than the case number of the re-indictment under which he was convicted and sentenced, and so his appeal was dismissed by the court of appeals. Hayes, first through his appellate counsel, and then pro se, attempted by several means to obtain review in the Ohio courts but was unsuccessful.

In his amended petition for habeas corpus relief in this Court, Hayes the following grounds for relief:

Ground One: Denial of rights to appeal, due process, and equal protection in contravention of the Fifth, Sixth, and Four-teenth Amendments to the United States Constitution.

Ground Two: Denial of right to effective assistance of appellate counsel in contravention of the Sixth and Fourteenth Amendments to the United States Constitution.

Magistrate Judge Thomas did not reach the first ground because his analysis of the second ground led to the recommendation that a writ should issue. R & R at 23, note 16.

## III. Analysis

In pertinent part, 28 U.S.C. § 636(b)(1)(C) provides that "[a] judge of the court shall make a de novo determination of those portions of the report ... or recommendations to which objection is made."

In pertinent part, the R & R states:

The "loss of the right to appeal because of appellate counsel's deficient performance is *in and of itself*, sufficient to constitute prejudice." *Bivens v. Rogers*, No. C–2–93–572 at 6 (S.D.Ohio filed Nov. 2, 1993) (unreported); *see also Cupp v. Russell*, No. C–3–92–219 (S.D.Ohio filed October 15, 1992) (report and recommendation) (recommending granting a 2254 petition because a petitioner's appellate counsel failed to timely file a notice of appeal, which resulted in a complete denial of petitioner's ability to appeal his conviction) (recommendation adopted by the district court in *Cupp v. Russell*, No. C–3–92–219 (S.D.Ohio filed Nov. 4, 1992)); *Abels v. Kaiser*, 913 F.2d 821, 823 (10th Cir.1990) (when a 2254 petitioner's counsel failed to properly perfect an appeal as of right, a habeas court sitting in review does not consider the likelihood of success on appeal). . . .

The above-referenced cases all concluded that when a criminal defendant intends to invoke the first appeal as of right, the appellant needs only to file a notice of appeal. At that juncture, the appellant does not need to show that his

claims on appeal are meritorious.... The record clearly reflects that Petitioner has been prejudiced by the acts of his appellate counsel. [Appellate counsel's] failure to file an adequate notice of appeal resulted in Petitioner's complete preclusion from the appellate process. The undersigned finds that Petitioner suffered prejudice due to [appellate counsel's] inefficiency. Accordingly, Petitioner has demonstrated both "cause" and "prejudice" to overcome the procedural bar.

Further, based on the analysis discussed above, the undersigned also finds that Petitioner received ineffective assistance of appellate counsel, as a separate constitutional issue from the state court judgment under which Petitioner is currently confined. *See Strickland v. Washington,* 466 U.S. 668, 697, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *see also Evitts v. Lucey,* 469 U.S. 387, 402–05, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). The record clearly reflects the deficiency in [appellate counsel's] performance and its impact on Petitioner's appellate rights....

In sum, Petitioner was completely precluded from obtaining appellate review of any claims he might raise on direct appeal, due to his appellate counsel's deficient performance. Thus, the state court action in this case did result in a decision that " 'involved an unreasonable application' of clearly established Federal law, as determined by the Supreme Court of the United States." *See* 28 U.S.C. § 2254(d)(1)....

R & R at 21–24 (footnote and some citations omitted).

Morgan's objections to the R & R focus on an analysis of procedural default regarding claims Hayes might have raised on appeal. Specifically, the objections argue:

The petitioner has never presented the underlying claims of constitutional error to this court....

The Report and Recommendation of the Magistrate Judge does not comport with the mandates of the Sixth Circuit in *Maupin [v. Smith,* 785 F.2d 135 (6th Cir.1986) ].

Objections at unnumbered fourth and fifth pages. The objections incorrectly attempt to impose a *Maupin* analysis upon a situation different from the scope of that case. Moreover, they miss the critical point of the R & R's finding of an unconstitutional deprivation of effective assistance of appellate counsel.

*Maupin* did not involve a claim of ineffective assistance of *appellate* counsel. The cases supporting the Magistrate Judge's recommendation, on the other hand, did involve such claims. For instance, in *Abels v. Kaiser,* the Tenth Circuit noted that "when courts have found counsel constitutionally inadequate, because either retained or appointed counsel failed to properly perfect an appeal, they do not consider the merits of the arguments that the defendant might have made on appeal." 913 F.2d at 823 (citing *Rodriquez v. United States,* 395 U.S. 327, 330, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969)). The court of appeals in *Abels* remanded the case and directed that

the case be held in abeyance for not longer than 120 days from the date of issuance of this mandate to allow the Oklahoma Court of Criminal Appeals to grant Abels leave to appeal and provide him assistance of counsel. Should the Oklahoma court grant such leave, Abel's writ shall be dismissed. If the Oklahoma court fails to grant Abels his appeal within the time specified, the writ shall issue discharging Abels.

*Id.* Similar conditional writs were granted in the two unpublished Ohio district court cases cited by the Magistrate Judge.

The Sixth Circuit has not addressed in the habeas context a situation such as the one in the present case. However, a recent decision of that court in a Section 2255 case states:

A lawyer's failure to file a requested appeal at the behest of a defendant is particularly problematic because it does not merely deprive the defendant of ef-

fective assistance of counsel, it deprives him of the assistance of any counsel altogether. Thus, the failure to perfect a direct appeal when requested by the defendant violates the Sixth Amendment without regard to the probability of success on appeal.

*Ludwig v. United States,* 162 F.3d 456, 459 (6th Cir.1998). In the present case there is no dispute that the petitioner desired an appeal to be filed. *See* affidavit of appellate counsel attached to Motion for Leave to File Delayed Notice of Appeal, State's Exhibit "C" to Respondent's Return of Writ.

Additionally, the remedy of a conditional writ is appropriate here. Another recent Sixth Circuit opinion affirmed (with some modification) a district court's grant of a conditional writ in a habeas case involving ineffective assistance of *trial* counsel. *See Carpenter v. Mohr,* 163 F.3d 938, 940 (6th Cir.1998) ("we remand the case for issuance of a writ of habeas corpus conditioned upon the state court granting Carpenter a new culpability hearing").

Therefore, in the present case, Morgan's objections are without merit.

### IV. Conclusion

For the foregoing reasons, Magistrate Judge Thomas' report and recommendation is adopted, except the relief is modified as follows:

A writ of habeas corpus under 28 U.S.C. § 2254 shall be conditionally granted. On or before 9 August 1999, Hayes' counsel from the present case shall file in the Ohio Court of Appeals, Ninth Judicial District, a motion for delayed direct appeal of Hayes' conviction, a motion for appointment of counsel (who may, but need not, be the current counsel), and a motion to prepare at the State's expense a full transcript of all proceedings from the court in which Hayes was convicted. Unless Hayes' appeal in the Ohio Court of Appeals, Ninth Judicial District, is reinstated before 1 November 1999, Morgan shall release Hayes from custody on that date.

IT IS SO ORDERED.

## REPORT AND RECOMMENDATION

THOMAS, United States Magistrate Judge.

### I. Introduction.

The above referenced matter is brought by Dewayne R. Hayes ("Petitioner") through counsel, Timi J. Townsend, of the Ohio Public Defender's office, pursuant to 28 U.S.C. § 2254.[1] Petitioner is in Respondent's custody as the result of a 1992 conviction, in Lorain County, Ohio on one count of burglary with a gun specification, one count of having weapons while under a disability with a gun specification, and one count of aggravated menacing.

In short, Petitioner claims ineffective assistance of appellate counsel because his counsel admittedly filed his appeal with the wrong case number. As a result, the State of Ohio refused to consider Petitioner's direct appeal.

For the reasons set forth below, this petition should be granted.[2]

### II. Background.[3]

1. Section 2254 was amended pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("the Act"). The Act took effect on April 24, 1996. The petition currently before this Court was filed on December 9, 1996. (*See* Docker No. 1). Thus, the Act's amendments to Chapter 153 of Title 28, which includes Section 2254, apply to this case.

2. In the Return of Writ, Respondent did not include all the necessary documents needed to address Petitioner's claim. (*See generally* Docket No. 12). Petitioner, through counsel, however, supplemented the record with the necessary documents to allow proper review

of Petitioner's claims. (*See generally* Docket No. 14). Through out this report and recommendation, Respondent's Return of Writ is referred to as "Return of Writ" and Petitioner's Response to Respondent's Return of Writ is referred to as "Petitioner's Brief."

3. A detailed reading of the following section is not a prerequisite to an understanding of the discussion section addressing the merits. (*See infra* Section III). Rather, the chronologies are provided for the use of a reviewing court in the hope that the time devoted by this judicial officer to sorting out the history of

The procedural history [4] relating to Petitioner's conviction reflects that on approximately June 10, 1994, Petitioner trespassed, by force, stealth or deception in the residence of Mr. Kevin Walker who was present or likely to be present in the city of Elyria, Ohio with the intent to commit a misdemeanor, not a theft. (Petitioner's Brief—Exhibit 2). The indictment also alleged that on approximately June 10, 1994, Petitioner did knowingly cause Mr. Kevin Walker to believe Petitioner would cause serious physical harm to Mr. Walker or his property, or to members of his family. (Petitioner's Brief—Exhibit 2).

On June 20, 1994, Petitioner was arrested for aggravated burglary and aggravated menacing, and released on bond. (Petitioner's Brief—Exhibit 3). On July 26, 1994, the Lorain County Grand Jury indicted Petitioner on one count of burglary and one count of aggravated menacing, recorded under Case Number 94CR045559. (Petitioner's Brief—Exhibit 2).

On March 15, 1995, the Lorain County Grand Jury re-indicted Petitioner on one count of burglary with two specifications, one count of having weapons while under a disability with two specifications, and one count of aggravated menacing, all three counts were filed under Case Number 95CR046869. (*See* Return of Writ—Exhibit A). The docket sheet for Case Number 94CR045559 reflects that between July 26, 1994 and April 11, 1995, Petitioner,

through counsel, engaged in numerous pre-trial hearings and discovery matters. (Petitioner's Brief—Exhibit 3 at A–3—A–6). That docket sheet also reflects that the indictment under Case Number 94CR045559 was not dismissed until April 12, 1995, i.e., the second day of Petitioner's trial. (Petitioner's Brief—Exhibit 3 at A–6).

On April 11 and 12, 1995 Petitioner was tried before a jury. (Return of Writ—Exhibit L at 3). Petitioner was convicted on the three counts enunciated in the indictment under Case Number 95CR046869. (Return of Writ—Exhibits B & L at 3). On April 14, 1995, the trial court sentenced Petitioner as follows: three to ten years, plus a three year term of actual incarceration for the burglary with a gun specification conviction; three to five years plus three years of actual incarceration for having weapons while under a disability with a gun specification conviction; and six months for the menacing conviction. (*See* Return of Writ—Exhibits B & L at 3). Petitioner's total sentence is six years of actual incarceration, followed by three to ten years of an indeterminate time. (*See* Docket No. 9 at 2).

On May 15, 1995, Petitioner, through counsel, Mr. Robert C. Brooks II,[5] filed a notice of appeal in the Ninth Appellate District of Ohio,[6] under Case Number *94CR045559*. (Petitioner's Brief—Exhibits 3 at A–6; 6) (emphasis added). On

___

this dispute will not need to be repeated by another judicial officer.

4. The summary of the procedural history was developed and extracted from various documents throughout the record. (*See* Petitioner's Brief—Exhibits 3, 5–15; Return of Writ—Exhibits A–K).

5. The record reflects that Mr. Brooks II, was also Petitioner's trial counsel. (*See* Petitioner's Brief—Exhibit 3, heading).

6. Petitioner's notice of appeal, stated:

[n]otice is hereby given that Defendant, Duane Hayes [sic], appeal to the Court of Appeal of Lorain County, Ohio, Ninth Appellate District, pursuant to the Ohio Rules

of Appellate Procedure 4(B), from the judgment and order as contained in the Trial Court's Judgment of Conviction, which consisted of the Jury Verdict and the Trial Court's imposition of Sentence in this action entered on or about the 12th day of April, 1995.

(Petitioner's Brief—Exhibit 6).

If Petitioner's counsel meant to appeal Petitioner's sentence, Petitioner's counsel erroneously stated that Petitioner was sentenced on April 12, 1995. The record reflects that Petitioner was sentenced on April 14, 1995. (*See* Return of Writ—Exhibit L at 3). If however, Petitioner's counsel meant to appeal the dismissal of the original indictment that did occur on April 12, 1995. (Petitioner's Brief—Exhibit 3 at A–6).

July 10, 1995, the Ninth Appellate District issued a journal entry which requested Petitioner to file a written brief showing "why this case should not be dismissed for lack of a final appealable order." [7] (Petitioner's Brief—Exhibit 7). On August 14, 1995, the Ninth Appellate District dismissed Petitioner's appeal on two grounds. (Petitioner's Brief—Exhibit 8).

First, the appellate court found that Petitioner's notice of appeal was not timely filed.[8] (Petitioner's Brief—Exhibit 8). Second, the appellate court refused to consider Petitioner's appeal as an appeal from trial Case Number 95CR046869, stating Appellate Rule 3(D) "requires [Petitioner] to designate the judgment appealed from in the notice of appeal. [Petitioner's] notice of appeal states that his appeal is taken from the decision in case number 94CR045559, the case number under which he was originally indicted. The notice of appeal does not mention case number 95CR046869." (Petitioner's Brief—Exhibit 8 at A–14).

On October 16, 1995, Petitioner, through the same counsel, Mr. Brooks, filed a notice for delayed appeal, a motion for leave to file a delayed appeal and a motion to proceed in *forma pauperis*. (Petitioner's Brief—Exhibits 9 & 10; Return of Writ—Exhibit C). Petitioner claimed that he received ineffective assistance of appellate counsel. (Return of Writ—Exhibit C at 2–9). Attached to the motion for leave was an affidavit completed by Petitioner's counsel, Mr. Brooks, attesting to the fact that it was his error which prevented Petitioner's timely filing of the direct appeal. (Return of Writ—Exhibit C at 11–13). On November 7, 1995, the Ninth Appellate District denied Petitioner's motion for delayed appeal. (Petitioner's Brief—Exhibit 11).

On February 2, 1996, Petitioner proceeding *pro se*, filed an application for reopening his appeal under Case Number 95CA006254,[9] pursuant to Ohio Appellate Rule 26(B), claiming he received ineffective assistance of appellate counsel.[10] (Pe-

---

**7.** The July 10, 1995 journal entry from the Ninth Appellate District specifically stated:

[t]he decision of the trial court, filed April 12, 1995, from which the appellant appeals may not be a final appealable order pursuant to Section 2505.02 of the Ohio Revised Code.

The trial court's order dismissed the case and allowed the re-indictment of the case under a different number. Also, the notice of appeal was filed on May 15, 1995, more than thirty days after the date of the judgment from which appellant appeals.

Accordingly, this case will be dismissed, absent Appellant's showing of good cause, in writing by July 21, 1995, why this case should not be dismissed for lack of a final appealable order.

(Petitioner's Brief—Exhibit 7).

**8.** The Ninth Appellate District noted Petitioner's judgment was entered on April 12, 1995. (Petitioner's Brief—Exhibit 8). April 12, 1995 is the date that the trial court dismissed the first indictment against Petitioner under Case Number 94CR45559. (Petitioner's Brief—Exhibit 3 at A–6). Petitioner was not sentenced until April 14, 1995, under Case Number 95CR046869. (Return of Writ—Exhibit B). Petitioner's counsel filed the notice of appeal on May 15, 1995, presumably trying to appeal

Petitioner's conviction and sentence under Case Number 95CR046869. (Petitioner's Brief—Exhibit 8). However, that case number was not before the Ninth Appellate District.

**9.** This is the appellate case number assigned to Petitioner's motion for leave to file a delayed appeal, i.e., Petitioner's conviction under the trial Case Number *95CR46869*. (*See* Petitioner's Brief—Exhibits 9, 10, 11, & 12; *see also* Return of Writ—Exhibit F).

**10.** Within his application to re-open his appeal, Petitioner also included the "assignments of error not considered on appeal due to ineffective assistance of prior appellate counsel." (Petitioner's Brief—Exhibit 12 at A–37—A–46). Petitioner proposed there were three assignments of error which should have been considered:

A. *Appellant's right to a speedy trial was violated*

B. *Defendant's Due Process and Double Jeopardy Rights have been violated*

C. *The trial court committed error in not instructing the jury that the state must prove that the firearm was operable*

(Petitioner's Brief—Exhibit 12 at A–37, A–40, A–42) (original in upper case & bold).

titioner's Brief—Exhibit 12). Accompanying Petitioner's application to re-open was Petitioner's Affidavit declaring indigence, and Mr. Brooks' affidavit, declaring that "due to excusable neglect and or inadvertence of counsel" Petitioner's original notice of appeal was improperly filed. (Petitioner's Brief—Exhibit 12 at A–49). On March 11, 1996, the Ninth Appellate District denied Petitioner's application to re-open his appeal. (Petitioner's Brief—Exhibit 13).

On March 21, 1996, Petitioner again proceeding *pro se*, filed a motion for reconsideration of his application for re-opening of appeal with an attached memorandum in support. (Petitioner's Brief—Exhibit 14). Petitioner argued that "the court has confused [Petitioner's] cases and failed to consider the entire record," and that "[Petitioner] has a colorable claim of ineffective assistance of appellate counsel." (Petitioner's Brief—Exhibit 14 at A–63, A–65) (original in upper case and underlined.). On April 3, 1996, the Ninth Appellate District denied Petitioner's motion for reconsideration. (Petitioner's Brief—Exhibit 15).

On April 25, 1996, Petitioner, proceeding pro se, filed a notice of appeal and a memorandum in support of jurisdiction in the Supreme Court of Ohio, appealing the Ninth Appellate District's denial of his application for re-opening his appeal. (Return of Writ—Exhibits H & I). Petitioner raised two propositions of law:

[a]ppellant has a colorable claim of ineffective assistance of appellate counsel The court of appeals erred in denying appellant's motion for delayed appeal based upon ineffective assistance of appellate counsel of the case of State of Ohio v. Dewayne Hayes, Case No. 95CR046869.

(Return of Writ—Exhibit I, table of contents). On September 18, 1996, the Supreme Court of Ohio dismissed Petitioner's appeal "as not involving any substantial constitutional question." (Return of Writ—Exhibit K).

On December 9, 1996, Petitioner, through counsel, Timi J. Townsend, of the Ohio Public Defender's office, filed a petition for a writ of habeas corpus. (Docket No. 1). On December 20, 1996, Petitioner filed a motion to amend the original petition due to typographical errors and mistakes in calculating Petitioner's length of sentence. (Docket No. 9). This motion was granted on January 9, 1997 by marginal entry. (*See* Docket No. 9). Thus, on January 9, 1997, Petitioner filed an amended petition for a writ of habeas corpus. (Docket No. 11). In the petition, Petitioner raises two grounds for relief:

[d]enial of rights to appeal, due process, and equal protection in contravention of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

Denial of right to effective assistance of appellate counsel in contravention of the Sixth and Fourteenth Amendments to the United States Constitution.

(Docket No. 11). Petitioner supports both grounds with the same set of operative facts. (Docket No. 11 at 5a–5c).

Respondent filed the return of writ on February 10, 1997. (Docket No. 12). On March 12, 1997, Petitioner filed "petitioner's response to respondent's return of writ" ("Petitioner's Brief") (original in upper case). (Docket No. 14). This case is at issue and ready for a decision.

## III. Discussion.

Federal habeas relief is available for a prisoner in state custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Petitioner raises two grounds for relief.

First, Petitioner claims that he was denied his "rights to appeal, due process and equal protection in contravention of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution." (Docket No. 1 at 5). Second, Petitioner claims that he was denied "effective assistance of appellate counsel in contravention

of the Sixth and Fourteenth Amendments to the United States Constitution." (Docket No. 1 at 5). Petitioner basis both grounds for habeas relief on the same set of operative facts. (*See* Docket No. 1 at 5a–5c).

Respondent argues that Petitioner's claims are procedurally barred from this court's review.[11] (Return of Writ at 5–8). In the alternative, Respondent argues that Petitioner's claims are without merit. (*See* Return of Writ at 9–16).

### A.

A habeas court's standard of review is set forth in 28 U.S.C. § 2254(d). This court can only grant relief on a habeas petition, if a petitioner shows that the claims adjudicated on the merits in the state court proceedings:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) & (2) (1998). As indicated above, this version of 28 U.S.C. § 2254(d) took effect on April 24, 1996. However, "[t]he Sixth Circuit has not yet explained how courts should implement these new standards of review." *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir.1997).

In *Harpster*, the Sixth Circuit explained that other circuits have taken two approaches to applying section 2254(d). 128 F.3d at 326. "Under the [first] approach, adopted by the Fifth and Seventh Circuits," the reviewing court "first decides whether the petitioner challenges a question of law, a question of fact, or mixed question of law and fact." 128 F.3d at 326 (citations omitted). If there is a pure question of fact, section 2254(d)(2) governs. 128 F.3d at 326 (citations omitted). If,

however, "a petitioner disputes the decision of a question of purely law, then the *first clause* of the § 2254(d)(1) governs...." *Harpster*, 128 F.3d at 326 (citation omitted) (emphasis added). If the petitioner raises an issue of "mixed question of law and fact, however, then the *second clause* of § 2254(d)(1) applies." 138 F.3d at 326 (emphasis added).

Under the second approach, adopted by the First Circuit, the reviewing court does not have to "classify" what type of issue is up for review. 128 F.3d at 327. Rather, the court first "determines whether clearly established Supreme Court precedent provides a rule that compels an outcome to the issue at hand." 128 F.3d at 327. If no such rule exists, then the reviewing court decides "whether the state court decision 'involved an unreasonable application' of Federal law as established by the Supreme Court." 128 F.3d at 327 (citation omitted).

▮ The analysis for Petitioner's grounds for relief involves both questions of law and fact. Therefore, under either approach of analysis, the issue presented for this Court's review, is whether the state court action in this case resulted in a decision that " 'involved an unreasonable application' of clearly established Federal law, as determined by the Supreme Court of the United States." *See* 28 U.S.C. § 2254(d)(1) (1998); *see also Harpster*, 128 F.3d at 326 (emphasis added).

### B.

As indicated above, Petitioner raises two grounds for habeas relief. (Docket No. 1 at 5). First, Petitioner claims that he was denied the right to appeal, due process and equal protection of the law, in violation of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution. (Docket No. 1 at 5). Second, Petitioner claims that he was denied the right to effective assistance of appellate counsel, in

---

**11.** Respondent concedes that Petitioner has exhausted all of his state remedies. (Return of Writ at 4–5).

violation of the Sixth Amendment. (Docket No. 1 at 5).

To support these claims, Petitioner argues that "where a state has undertaken to provide a process of appellate review, in implementing that procedure, the state must comply with due process and equal protection requirements." (Petitioner's Brief at 16) (citation omitted). Petitioner further argues that "[a] convicted criminal defendant is entitled to counsel on his first appeal as of right." (Petitioner's Brief at 16) (citation omitted). Petitioner concludes by arguing that due to his appellate counsel's conduct he "was denied the right to adequate and effective appellate review of his criminal conviction." (Docket No. 11 at 5a). Respondent claims that Petitioner's claims are procedurally barred from this Court's review, and that Petitioner cannot demonstrate cause and prejudice to excuse that bar. (Return of Writ at 5–8). Petitioner argues that he received ineffective assistance of appellate counsel, which, if correctly asserted, will over come the "cause" prong to the procedural default bar. (*See* Petitioner's Brief at 16); *see also Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1985).

Thus, the undersigned addresses Petitioner's claim for ineffective assistance of counsel in conjunction with Respondent's argument that Petitioner's claim is procedurally barred from review.

### (i)

Before turning to the merits, a review of the standards for the two related issues is helpful—first, the procedural default framework; and second, the ineffective assistance of counsel standard.

■ Respondent argues that Petitioner is procedurally barred from raising his ineffective assistance of counsel claim to

this habeas court.[12] (Return of Writ at 5–8). A federal court "will not review a question of federal law decided by a state court, if the decision of that court rests on a state law ground that is *independent* of the federal question and *adequate* to support the judgment." *Coleman v. Thompson,* 501 U.S. 722, 729, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (emphasis added).

In *Coleman,* the United States Supreme Court explained the independent and adequate state procedural grounds doctrine as it pertains to habeas petitions:

> [w]e have applied the independent and adequate state ground doctrine not only in our own review of state court judgments, but in deciding whether federal district courts should address the claims of state prisoners in habeas corpus actions. *The doctrine applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement.* In these cases the state judgment rests on independent and adequate state procedural grounds.

501 U.S. at 729–30, 111 S.Ct. 2546 (citations omitted) (emphasis added).

In *Coleman,* the Supreme Court also explained the manner in which a habeas petitioner may over come a procedural default. 501 U.S. at 750, 111 S.Ct. 2546. The Supreme Court explained:

> [i]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred *unless* the prisoner can demonstrate *cause for the default and actual prejudice as a result of the alleged violation of federal law,* or demonstrate that fail-

---

12. Respondent argues that the Ohio appellate court overruled Petitioner's motion for a delayed appeal because he failed to demonstrate a "valid excuse" for not properly perfecting his original appeal. (Return of Writ at 6). Respondent further argues that the Ninth Appellate District determined Petitioner's application for re-opening was not properly before that court. (*See* Return of Writ at 6). Thus, Respondent concludes that "the appellate court established a procedural bar which waives [Petitioner's] claim under federal habeas corpus," and that Petitioner cannot demonstrate cause and prejudice to excuse that bar. (Return of Writ at 6, 7–8).

ure to consider the claims will result in a *fundamental miscarriage of justice.*

501 U.S. at 750, 111 S.Ct. 2546 (emphasis added).

■ A state is not required by the constitution to provide an appellate process, however, if a state does provide such a process for a criminal defendant, the constitutional guarantee to the effective assistance of counsel extends to any appeal as of right. *See Evitts v. Lucey,* 469 U.S. 387, 402–05, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). In *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court explained:

> [a] convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. *First, the defendant must show that counsel's performance was deficient.* This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. *Second, the defendant must show that the deficient performance prejudiced the defense.* This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687, 104 S.Ct. 2052.

### (ii)

The procedural facts of Petitioner's case are extensive. The exact procedural chronology is critical to the issues presented here. The chronology is presented in three segments: the direct appeal; the delayed appeal; and the application for reopening the delayed appeal.

### (a)

On July 26, 1994, Petitioner was indicted by the Lorain County Grand Jury, under Case Number *94CR045559.* (Petitioner's Brief—Exhibit 2) (emphasis added). On March 15, 1995, the Lorain County Grand Jury re-indicted Petitioner under Case Number *95CR046869.* (*See* Return of Writ—Exhibit A) (emphasis added). The record reflects that Petitioner was convicted on April 12, 1995 and sentenced on April 14, 1995 under Case Number *95CR046869.* (Return of Writ—Exhibits B & L at 3) (emphasis added). The record further reflects that on April 12, 1995, the indictment under Case Number *94CR045559* was dismissed. (Petitioner's Brief—Exhibit 3 at A–6) (emphasis added).

On May 15, 1995, Petitioner's trial counsel, Mr. Brooks, filed a notice of appeal on Petitioner's behalf, under case number *94–CR–45559.* (Petitioner's Brief—Exhibits 3 at A–6, 6) (emphasis added). On July 10, 1995, the Ninth Appellate District issued a "show cause" order for Petitioner to demonstrate why the appeal should not be dismissed for lack of a final appealable order suggesting two defects. (Petitioner's Brief—Exhibit 7). First, that the judgment appealed was not final because it permitted re-indictment of the charges against Petitioner. (Petitioner's Brief—Exhibit 7). Second, the notice was filed more than thirty days after the date of judgment giving rise to the appeal. (Petitioner's Brief—Exhibit 7).

On August 14, 1995, upon review of Petitioner's response to the show cause order, the Ninth Appellate District found that Petitioner's notice of appeal was not timely filed and dismissed the appeal because in Ohio the timely filing of a notice of appeal is a jurisdictional matter. (Petitioner's Brief—Exhibit 8; *see also* Ohio App.R. 4(A)). The Ninth Appellate District also noted that in response to the show cause order, Petitioner had requested the court to "consider his appeal from trial court case number 95CR046869, the case in which [Petitioner] was re-indicted." (Petitioner's Brief—Exhibit 8 at A–13– A–14). The Ninth Appellate District dismissed Petitioner's appeal however, because under Ohio Appellate Rule 3(D), Petitioner was required to "designate the judgment ap-

pealed from in the notice of appeal" and Petitioner's notice of appeal did not reflect Case Number 95CR046869. (Petitioner's Brief—Exhibit 8 at A–14).

### (b)

The record reflects that on October 16, 1995, Petitioner through the same counsel, Mr. Brooks, filed a notice of delayed appeal, a motion for leave to file delayed appeal ("motion for leave") and a motion to proceed *in forma pauperis*. (Petitioner's Brief—Exhibits 9, 10; Return of Writ—Exhibit C). Petitioner claimed he received ineffective assistance of appellate counsel. (Return of Writ—Exhibit C at 2–9). Attached to Petitioner's motion for leave is an affidavit completed by Mr. Brooks. (Return of Writ—Exhibit C at 11–13). Mr. Brooks attested that he erroneously filed Petitioner's original notice of appeal under the wrong case number, however, if he would have filed it under the correct number, it would have been filed within the thirty day statutory requirement. (*See* Return of Writ—Exhibit C at 11–13). Mr. Brooks also attested that he did not detect that error until after the thirty days to file Petitioner's notice of appeal had expired. (Return of Writ—Exhibit C at 11). Mr. Brooks attested that his acts should be considered "excusable neglect and or inadvertance." (Return of Writ—Exhibit C at 11).

On November 7, 1995, the Ninth Appellate District dismissed Petitioner's motion for a delayed appeal, stating:

[t]he notice of appeal now filed by appellant seeks to appeal the judgment and sentence rendered in the refiled case. [Case Number 95CR046869.] Appellant has argued that the delay in filing the notice of appeal was attributable to excusable neglect. However, appellant should have known, no later than July of 1995, that he had erroneously appealed from the decision in the original case rather than the refiled case.

Accordingly, this court finds that appellant has failed to set forth sufficient reasons for having failed to perfect a timely appeal. The motion is denied and the case is hereby dismissed.

(Petitioner's Brief—Exhibit 11).

### (c)

On February 2, 1996, Petitioner, proceeding *pro se*, filed an application to re-open his motion for delayed appeal, appealing his conviction under Case Number 95CR046869,[13] pursuant to the Ohio Appellate Rule 26(B). (Petitioner's Brief—Exhibit 12). Petitioner, again, claimed he received ineffective assistance of appellate counsel. (Petitioner's Brief—Exhibit 12). Petitioner included Mr. Brooks affidavit which explained the attorney's errors during the direct appeal process. (Petitioner's Brief—Exhibit 12—exhibit B). On March 11, 1996, the Ninth Appellate District dismissed Petitioner's application to re-open his appeal, stating:

[a]s we stated in the journal entry that dismissed appellant's appeal, appellant sought to appeal from a trial court case in which the state dismissed the indictment and reindicted him under a new case number. While appellant alleges that he was convicted in the reindicted case, he *never* appealed to this court from that case number. We cannot say that appellant received ineffective assistance of counsel when the record before us shows that the state dismissed the indictment against appellant.

Accordingly, appellant's application is denied.

(Petitioner's Brief—Exhibit 13) (emphasis added).[14]

---

**13.** Petitioner's application for reopening was filed under appellate Case Number 95CA006254. (Petitioner's Brief—Exhibit 12). Appellate Case Number 95CA006254 is the number assigned to Petitioner's previously filed motion for leave to file a delayed appeal. (Petitioner's Brief—Exhibits 9 & 10; Return of Writ—Exhibit C). That motion was ap-

pealing his conviction under the trial Case Number 95CR046869. (Petitioner's Brief—Exhibits 9 & 10; Return of Writ—Exhibit C).

**14.** On March 21, 1996, Petitioner filed a "motion for reconsideration of application for reopening of appeal." (original in bold and upper case) (Petitioner's Brief—Exhibit 14). On

**(iii)**

As reflected above, the Ninth Appellate District's dismissal of Petitioner's appeal on the ground that it was untimely filed and not in compliance with Ohio's Rules of Appellate Procedure, is a judgment which rest on state law grounds that are independent of any federal question and adequate to support the decision. (*See* Petitioner's Brief—Exhibit 8; *see also Coleman v. Thompson*, 501 U.S. 722, 730, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)). Accordingly, Petitioner must demonstrate cause and prejudice to overcome this procedural bar. *See Coleman*, 501 U.S. at 750, 111 S.Ct. 2546. As stated above, Petitioner argues that he received ineffective assistance of appellate counsel, which, if asserted correctly, overcomes the "cause" prong to the procedural bar. (Petitioner's Brief at 16–18; *see also Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)).

As reflected above, the record supports that Petitioner's counsel, Mr. Brooks, filed Petitioner's direct appeal under the wrong trial case number, i.e., *94CR045559* instead of *95CR046869*. (Petitioner's Brief—Exhibits 3 at A–6 & 6) (emphasis added). The record also reflects that on *July 10, 1995*, the Ninth Appellate District issued a "show cause" order for Petitioner to demonstrate why the direct appeal should not be dismissed for lack of a final appealable order. (Petitioner's Brief—Exhibit 7). On *August 14, 1995*, after reviewing Petitioner's show cause brief,[15] the Ninth Appellate District dismissed Petitioner's appeal because it was filed untimely. (Petitioner's Brief—Exhibit 8). The Ninth Appellate District specifically noted that it could not consider an appeal from the Case Number *95CR046869* on the notice of appeal filed, because that notice was filed under the

Case Number *94CR045559*. (Petitioner's Brief—Exhibit 8).

Accordingly, it is clear that Mr. Brooks knew, on July 10, 1995, there was a problem with the notice of appeal filed. (Petitioner's Brief—Exhibit 7). Further, on August 14, 1995, Mr. Brooks knew that *due to his error* Petitioner was precluded from bringing his direct appeal. (Petitioner's Brief—Exhibit 8; *see also* Return of Writ—Exhibit C at 11–13 (affidavit) (emphasis added)). The record reflects no attempt by Mr. Brooks or any other counsel for Petitioner, to file a delayed appeal explaining Mr. Brook's error until October 16, 1995, i.e., three full months after he knew there to be a problem and two full months after the dismissal of Petitioner's direct appeal. (Return of Writ—Exhibit C at 11–13 (affidavit); Petitioner's Brief—Exhibits 9, 10).

In Ohio, the filing of a notice of appeal is a jurisdictional mandate. *See* Ohio App.R. 4(A). Thus, the proper filing of a notice of appeal is a simple, but *absolutely essential form* of effective assistance of counsel. The facts identified above demonstrate that Mr. Brooks provided "deficient" performance of this assistance to Petitioner. *See Strickland*, 466 U.S. at 687, 104 S.Ct. 2052.

For this Court to find Petitioner was provided ineffective assistance of counsel, however, Petitioner must also demonstrate that he suffered "prejudice" due to the "deficient" performance by his appellate counsel. *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052. Respondent argues that there is no merit to the claims Petitioner proposed to raise to the Ohio Supreme Court. (*See* Return of Writ at 9–14). Thus, Respondent suggests that Petitioner fails to demonstrate a likelihood of success on his direct appeal, and therefore Petitioner fails

---

April 3, 1996, the Ninth Appellate District summarily denied Petitioner's motion. (Petitioner's Brief—Exhibit 15).

**15.** The record before this court does not contain a copy of Petitioner's brief filed in re-

sponse to the Ninth Appellate District's show cause order. However, the August 14, 1995, Ninth Appellate District's journal entry reflects that Petitioner did respond to the show cause order. (*See* Petitioner's Brief—Exhibit 8).

to demonstrate the "prejudice" prong of the *Strickland* analysis. (*See* Return of Writ 9–14).

Petitioner, relying on two unreported opinions from the Southern District of Ohio, argues that the denial of the right to appeal, by itself, demonstrates the "prejudice" prong of *Strickland*. (*See* Petitioner's Brief at 13, *see also* Petitioner's Brief—Exhibit 16). The undersigned finds Petitioner's argument persuasive.

■ The "loss of the right to appeal because of appellate counsel's deficient performance is *in and of itself*, sufficient to constitute prejudice." *Bivens v. Rogers*, No. C–2–93–572 at 6 (S.D.Ohio filed Nov. 2, 1993) (unreported); *see also Cupp v. Russell*, No. C–3–92–219 (S.D.Ohio filed October 15, 1992) (report and recommendation) (recommending granting a § 2254 petition because petitioner's appellate counsel failed to timely file a notice of appeal, which resulted in a complete denial of petitioner's ability to appeal his conviction) (recommendation adopted by the district court in *Cupp v. Russel*, No. C–3–92–219 (S.D.Ohio filed Nov. 4, 1992)); *Abels v. Kaiser*, 913 F.2d 821, 823 (10th Cir.1990) (when a § 2254 petitioner's counsel failed to properly perfect an appeal as of right, a habeas court sitting in review does not consider the likelihood of success on appeal); *Lozada v. Deeds*, 964 F.2d 956, 958 (9th Cir.1992) (if counsel fails to file a notice of appeal without Petitioner's consent, prejudice is presumed); *see Wilhite v. United States*, No. 96–6562, 1997 WL 685362 (6th Cir.1997) (unreported) (in reviewing a § 2255 motion, the court recognized that when an attorney fails to file a direct appeal when instructed to do so, courts of appeals have uniformly held that the defendant is denied his right to counsel, even if that defendant does not identify the issues he would have asserted in the direct appeal); *United States v. Peak*, 992 F.2d 39, 41 (4th Cir.1993); *United States v. Gipson*, 985 F.2d 212, 215–16 (5th Cir.

1993); *United States v. Tajeddini*, 945 F.2d 458, 466 (1st Cir.1991), *cert. denied* 505 U.S. 1211, 112 S.Ct. 3009, 120 L.Ed.2d 883 (1992); *Estes v. United States*, 883 F.2d 645, 648–49 (8th Cir.1989); *see also Rodriquez v. United States*, 395 U.S. 327, 329–32, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969); (all reflecting that Section 2255 petitioner need not show prejudice where counsel's ineffectiveness resulted in the loss of the right to a direct appeal).

■ The above-referenced cases all concluded that when a criminal defendant intends to invoke the first appeal as of right, the appellant needs only to file a notice of appeal. At that juncture, the appellant does not need to show that his claims on appeal are meritorious. (*See* citations referenced above). This is also true under the rule for Ohio's Appellate procedure. (*See* Ohio App.R. 4(A)). In Ohio to perfect an appeal, an appellant need only properly file a notice of appeal. (*See* Ohio App.R. 4(A)). The record clearly reflects that Petitioner has been prejudiced by the acts of his appellate counsel. Mr. Brooks' failure to file an adequate notice of appeal resulted in Petitioner's complete preclusion from the appellate process. The undersigned finds that Petitioner suffered prejudice due to Mr. Brooks' inefficiency. Accordingly, Petitioner has demonstrated both "cause" and "prejudice" to overcome the procedural bar. *See Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

Further, based on the analysis discussed above, the undersigned also finds that Petitioner received ineffective assistance of appellate counsel, as a separate constitutional issue from the state court judgment under which Petitioner is currently confined. *See Strickland v. Washington*, 466 U.S. 668, 697, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *see also Evitts v. Lucey*, 469 U.S. 387, 402–05, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). The record clearly reflects the deficiency in Mr. Brooks' performance and its impact on Petitioner's appellate rights.[16] Additionally, the record current-

---

**16.** Because Petitioner's second ground for habeas relief has merit, the undersigned does not address Petitioner's first ground for relief.

ly before this court does not contain a transcript of the state court's proceedings which may reflect appealable errors at the trial level.

### C.

In sum, Petitioner was completely precluded from obtaining appellate review of any claims he might raise on direct appeal, due to his appellate counsel's deficient performance. Thus, the state court action in this case, did result in a decision that " 'involved an unreasonable application' of clearly established Federal law, as determined by the Supreme Court of the United States." *See* 28 U.S.C. § 2254(d)(1) (1998); *see also Harpster*, 128 F.3d at 326.

Accordingly, the district court should issue a writ of habeas corpus requiring the State of Ohio to reinstate Petitioner's appeal, with the appointment of new counsel, and provide a full transcript of all proceedings from the lower court to the newly appointed counsel.

### IV. Conclusion.

For the reasons set forth above, Petitioner's amended section 2254 petition (Docket No. 11) should be granted to require the State of Ohio reinstate Petitioner's appeal, with appointment of new counsel, and provide a full transcript of all proceedings. No evidentiary hearing is required to resolve Petitioner's claims. *See* Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided in 28 U.S.C. § 636(b)(1)(C) and Local Rule 72.3(b). Failure to file objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Pursuant to Local Rule 72.3(b), objections, if any, to this Report and Recommendation shall be filed with the Clerk of Court and served on the United States Magistrate Judge and all parties. Any response to such objections shall be filed and served in a similar manner.

January 26, 1999.