**Raymond SCOTT, Petitioner,**

v.

**Arthur TATE, Warden, Respondent.**

**No. 1:98CV1724.**

United States District Court,
N.D. Ohio,
Eastern Division.

Feb. 8, 2001.

Raymond Scott, Belmont Correctional Institution, St. Clairsville, OH, pro se.

Delores J. Hildebrandt, Office Of The Attorney General, Cincinnati, OH, Stephanie L. Watson, Office of Attorney General, Corrections Litigation Section, Columbus, OH, for Arthur Tate.

*MEMORANDUM AND ORDER*

ALDRICH, District Judge.

This is a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The peti-

tioner, Raymond Scott, who is proceeding *pro se,* was convicted in the Cuyahoga County Court of Common Pleas of aggravated robbery with specifications, in violation of R.C. § 2911.01, and of having a weapon while under disability with specifications, in violation of R.C. § 2923.13. His sentence on the firearms specification is actual imprisonment for a term of three years. His sentence on the aggravated robbery count is imprisonment for three to five years. His sentence on the weapons count is imprisonment for eight to twenty-five years. The robbery and weapons sentences are to run concurrently; they run consecutively to the sentence on the firearms specification. Because the robbery and weapons sentences are indefinite, they are aggregated with his sentence of four to ten years on a concealed weapons charge in case no. 325285, which is not part of this petition. Thus his total sentence is three years actual imprisonment, followed by an aggregated term of twelve to thirty-five years.[1]

Scott appealed his conviction in the Cuyahoga County Court of Appeals and the Ohio Supreme Court. In both courts, he argued the grounds he argues here. Therefore, both of his grounds for relief are properly before this Court on the merits. His petition was automatically referred to Magistrate Judge Vecchiarelli pursuant to Local Rule 72.2. The magistrate judge filed a report and recommendation recommending that the petition be denied. No party objected to the report and recommendation. For the reasons that follow, the Court adopts the magistrate judge's report and recommendation and denies the petition.

**1. Background**

While walking through the campus of St. Ignatius High School, Jean Rodriguez saw a tall, light-skinned black man whom she later identified as Raymond Scott. She

---

1. The Court appreciates the assistance of the respondent's attorney, whose representations

helped the Court accurately describe the complicated sentence.

tried to avoid Scott, but he caught up to her, showed her his gun, and told her, "Don't do anything." Rodriguez ran away and yelled, but no one came to help. Scott caught up to her, grabbed her shoulder, put his gun to her back, and asked for money. She gave him $20, but he said, "You don't want to die for that little bit of money." She then gave him $170. He started to walk away and told her to stay where she was. She ran away. Scott again pulled out his gun and said, "I have sixteen rounds in here and I'm a good shot." Rodriguez later testified that she had seen Scott's face for approximately five minutes during the robbery.

As a result of his investigation, Detective Thomas Kilbane of the Cleveland Police Department identified Scott as a possible suspect and test-fired a semi-automatic pistol seized from Scott during an unrelated arrest four days after the robbery. The pistol would not fire, and another detective determined that it was missing a mechanism necessary to allow it to fire.

On two occasions, Kilbane showed Rodriguez an array of photographs that included Scott's photograph as well as four other photographs.[2] On both occasions, Rodriguez identified Scott as the robber immediately and without hesitation. Rodriguez could not identify the gun introduced in evidence as the gun Scott had used, but the gun matched the description of a "small, silver [or] chrome" gun Rodriguez had provided police, and the police officer who arrested Scott four days after the robbery testified that he saw Scott, the only person in the vicinity, drop the gun during a foot pursuit.

## 2. Standard of Review

 While many reports and recommendations entered by magistrate judges in habeas corpus cases have cited Local Rule 72.3(b) for the proposition that all objections to a magistrate judge's report and recommendation are waived if a habe-

as petitioner fails to object within ten days, see, e.g., Hayes v. Morgan, 58 F.Supp.2d 817, 831 (N.D.Ohio 1999) (Thomas, M.J.), this Court does not find that the Local Rules govern. Rule 72.3(b) provides for waiver of objections as to reports and recommendations "made pursuant to Fed. R.Civ.P. 72(b)." Rule 72(b), in turn "does not extend to habeas corpus petitions," Fed.R.Civ.P. 72(b) advisory committee's note (1983), but rather, only to "pretrial matter[s] not dispositive of a claim or defense ... [and] prisoner petition[s] challenging the conditions of confinement ..." Fed.R.Civ.P. 72(b); but see Isaac v. Grider, 211 F.3d 1269, 2000 WL 571959 (6th Cir.2000) (in habeas petition, holding Rule 72(b) required objections within ten days). A petition for a writ of habeas corpus is not a suit challenging the conditions of confinement, but rather challenging the legality of the confinement. Therefore, Local Rule 72.3(b) does not forbid district court review of magistrates' reports and recommendations in habeas corpus cases, even when the petitioner has failed to state his objections to the report and recommendations.

While Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), approved the Sixth Circuit's rule barring appeals from orders of the district courts adopting the recommendations of a magistrate judge when the petitioner had not objected to the recommendations in the district court, and while Thomas suggests that the district courts need not review a magistrate's recommendation when the petitioner has not objected to it, id. at 150, 106 S.Ct. 466, nothing in Thomas precludes this Court from reviewing the recommendations sua sponte under any standard of review the Court finds appropriate. Id. at 154, 106 S.Ct. 466. While de novo review is, therefore, not required, the Court will review Magistrate Judge Vecchiarelli's recommendations de novo in the interests

**2.** The trial judge, who examined the array prior to admitting the photographs in evidence, found that they were "not suggestive.

They are all of males with moustaches and actually quite similar." (Tr. at 18).

of giving Scott's arguments the fullest consideration.

On *de novo* review, the Court may grant the petition only if the state court's decision was "contrary to," or involved "an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or if it was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2).

### 3. Discussion

On *de novo* review, the Court finds no error in Magistrate Judge Vecchiarelli's report and recommendation. Scott makes two arguments: first, he argues the evidence was insufficient, as a matter of law, to sustain his conviction of a firearm specification and of possessing a weapon under disability; second, he argues that the trial court erred by allowing Rodriguez to identify Scott at trial when she had earlier been shown what Scott claims was a "suggestive" photo array.

■ The evidence was clearly sufficient to prove beyond a reasonable doubt that Scott possessed a firearm; Rodriguez saw him with the gun, and he threatened her with it and pointed it at her. Scott points out that under Ohio law, the state had the burden to prove beyond a reasonable doubt that the firearm was operable at the time of the offense. He points to the April 27, 1995 test-firing of the weapon, at which police detectives discovered that the gun was missing a mechanism necessary to its operation. But the evidence of operability in this case is of the same kind as the evidence in *State v. Murphy*, 49 Ohio St.3d 206, 208–09, 551 N.E.2d 932, 934–35 (1990). There, the Ohio Supreme Court upheld a conviction when the evidence of operability was that the gun was wrapped in a shirt, that eyewitnesses described the gun, and that the defendant threatened he would use the gun to kill the store clerk if he refused to hand over the store's money.

Therefore, the Court finds the evidence was sufficient to sustain the firearms specification and the conviction for possession of a weapon under a disability.

■ The trial court did not err by allowing Rodriguez to identify Scott at trial. This Court adopts the magistrate judge's "totality of the circumstances" analysis under *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), and notes in particular that Rodriguez testified she had seen Scott for five minutes and that when shown the array, she immediately identified him without hesitation.

### 4. Conclusion

For the foregoing reasons, the Court adopts the magistrate judge's report and recommendation. The petition for a writ of habeas corpus is accordingly denied.

### 5. Certificate of Appealability

The Court, pursuant to 28 U.S.C. § 2253(c), declines to issue a certificate of appealability, as Scott has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal from this judgment could not be taken in good faith.

IT IS SO ORDERED.

### *ORDER*

The Court has filed its memorandum and order adopting the magistrate judge's report and recommendation, and dismissing the petition for a writ of habeas corpus. Therefore,

IT IS ORDERED, that the magistrate judge's report and recommendation (doc. # 13) is adopted, Scott's petition for a writ of habeas corpus is denied, and the case is dismissed. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appeal-

ability. 28 U.S.C. § 2253(c); Fed. R.App. P. 22(b).